IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RUBEN MURILLO-RODRIGUEZ | ) | CV F 036943 AWI |
| Petitioner, | ) | (CR F 02-5307-01 AWI) |
| | ) | |
| v. | ) | ORDER DISMISSING PETITIONER'S MOTION TO CORRECT, AMEND OR VACATE HIS SENTENCE AND CLOSING THE CASE |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | (28 U.S.C. § 2255) |

## INTRODUCTION

In this case, petitioner Ruben Murillo-Rodriguez ("Petitioner") seeks relief under 28 U.S.C. section[1] 2255 from the sentence of 77 months that was imposed by this court on September 8, 2003, following conviction by jury trial to one count of Deported Alien Found in the United States in violation of 8 U.S.C. § 1326. For the reasons that follow, Petitioner's request for habeas relief will be denied.

## FACTUAL AND PROCEDURAL HISTORY

On August 6, 2003, the Probation Department prepared a Presentence Investigation Report ("PIR") which sets forth the following facts. Petitioner is a Mexican national who has

---

[1] References to section numbers hereinafter refer to sections of Title 28 of the United States Code unless otherwise specified.

been deported on three prior occasions, most recently on July 6, 2001. On June 8, 2002, Petitioner was found in the United States without the consent or permission of the proper authorities. Petitioner was convicted on July 2, 2003, following a jury trial; however the trial did not involve issues bearing on the elements of the offense because Petitioner had admitted the elements of the offense prior to the trial and had accepted responsibility. Per the PIR, Petitioner's trial in this case was held to resolve issues not related to petitioner's conviction.

The PIR calculated a base offense level of 8 pursuant to the United States Sentencing Guidelines. Sixteen (16)levels were added because Petitioner had previously been convicted for a crime of violence (first degree burglary) prior to his deportation on July 6, 2001. Three levels were subtracted for acceptance of responsibility because the jury trial did not involve a determination of any of the elements of Petitioner's conviction. Based on a total adjusted offense level of 21 and a criminal history of VI, Petitioner was sentenced at the bottom of the guideline range of 77 to 96 months.

Judgment was filed in this case on September 9, 2003. The instant motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C., section 2255 was timely filed on December 29, 2003.

**LEGAL STANDARD**

Section 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.' " United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently

frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997).  To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief.  Id.  Mere conclusory statements in a section 2255 motion are insufficient to require a hearing.  United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).

## DISCUSSION

Petitioner's sole basis for his motion pursuant to section 2255 is that he suffered ineffective assistance of counsel.  Petitioner's basic complaint is that his attorney told Petitioner that a trial would be necessary and that Petitioner would only be subject to a 37 month maximum term of imprisonment.  Petitioner alleges he asked his attorney to file a motion for downward departure on the ground that his conduct in the instant offense was "not as violent as other defendants."  Petitioner makes no allegations with respect to the accuracy of the PIR or of any of the bases for the calculation of his total offense score or criminal history category.

To establish a constitutional violation for the ineffective assistance of counsel, a defendant must demonstrate (1) a deficient performance by counsel, and (2) prejudice to him. United States v. Cochrane, 985 F.2d 1027, 1030 (9th Cir.1993).  To prove a deficient performance of counsel, Petitioner must demonstrate that his attorney "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made." Butcher v. Marquez, 758 F.2d 373, 376 (9th Cir.1985). To show prejudice, Petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984).  A court addressing a claim of ineffective assistance of counsel need not address both prongs of the Strickland test if the plaintiff's showing is insufficient as to one prong.  Id. at 697.  "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id.  "A

lawyer's zeal on behalf of his client does not require him to file a motion which he knows to be meritless on the facts and the law." Lowery v. Lewis, 21 F.3d 344346 (9th Cir. 1994).

      Petitioner's claim of ineffective assistance of counsel must fail because Petitioner has failed to allege any basis for a finding of prejudice.  To the extent Petitioner's motion may be understood to be based on the claim that his attorney should have filed a motion for downward departure, Petitioner does not suggest, nor can the court discern, any basis for downward departure.  The bulk of Petitioner's sentence is a consequence of his prior conviction for a crime of violence, burglary, and not on Petitioner's conduct with respect to the instant offense.  To the extent Petitioner's motion may be understood to be based on the assertion that Petitioner was prejudiced by his counsel's insistence that there should be a jury trial, there is no prejudice because Petitioner received the full benefit of his admission of the elements of the instant offense.

    Because Petitioner has alleged no facts that, if true, would entitle him to habeas relief, his motion to vacate, set aside, or amend the sentence pursuant to section 2255 will be denied.

    THEREFORE, for the reasons stated above, Petitioner's motion to vacate, amend or set aside his sentence pursuant to 28 U.S.C. section 2255 is hereby DENIED.  The Clerk of the Court shall CLOSE the CASE.

IT IS SO ORDERED.

**Dated:   February 22, 2008**　　　　　　　　　　　　/s/ **Anthony W. Ishii**
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE